```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF KENTUCKY
                      CENTRAL DIVISION at LEXINGTON
```

DAVID BATTISTA,                    )
                                   )
    Petitioner,                    )   Civil Action No. 15-202-JMH
                                   )
V.                                 )
                                   )
FRANCISCO QUINTANA, Warden,        )   **MEMORANDUM OPINION**
                                   )          **AND ORDER**
    Respondent.                    )

                            *** *** *** ***

    David Battista is an inmate confined at the Federal Medical Center in Lexington, Kentucky. Proceeding without an attorney, Battista has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [R. 1] The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).

    A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Battista's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). At this stage of the proceedings, the Court accepts the petitioner's factual allegations as true and

1

construes all legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

On August 7, 2013, Dr. Battista was indicted by a federal grand jury sitting in Atlanta, Georgia, of conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846 and two counts of distributing controlled substances in violation of 21 U.S.C. § 841. In exchange for the dismissal of the conspiracy count, on December 5, 2013, Dr. Battista agreed to plead guilty to the two distribution counts. In the plea agreement, Dr. Battista acknowledged that as part of the sentence to be imposed for the charges to which he was pleading guilty, the Court would impose terms of supervised release ranging from three years to life. On March 31, 2014, the trial court sentenced Dr. Battista to two concurrent 46-month terms of imprisonment to be followed by two concurrent 10-year terms of supervised release. Dr. Battista did not file a direct appeal from his conviction or a motion to alter or vacate it under 28 U.S.C. § 2255 in light of his express waiver of his right to do so as part of his plea agreement. *United States v. Battista*, No. 1: 13-CR-307-SCJ-AJB-1 (N.D. Ga. 2013) [R. 1, 29, 36 therein].

In his petition, Dr. Battista contends that the 10-year terms of supervised release are excessive and violate 18 U.S.C. § 3553 and/or his due process rights. Petitioner requests that

2

the Court reduce his supervised release terms to two years in the interest of justice. [R. 1 at 6-7, 9]

The Court must deny Battista's petition because he may not assert these claims in a habeas corpus petition under 28 U.S.C. § 2241. Instead, when a federal prisoner wishes to challenge his conviction or sentence, he must file a motion for post-conviction relief under 28 U.S.C. § 2255 in the court that convicted and sentenced him. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). The prisoner may not use a habeas corpus petition pursuant to 28 U.S.C. § 2241 for this purpose, as it does not constitute an additional or alternative remedy to the one available under § 2255. *Hernandez v. Lamanna*, 16 F. App'x 317, 320 (6th Cir. 2001).

The "savings clause" found in 28 U.S.C. § 2255(e) will permit a prisoner to challenge the validity of his conviction in a habeas corpus proceeding under § 2241, but only in the rare circumstance where the remedy afforded by § 2255(a) is "inadequate or ineffective" to test the legality of his detention. *Truss v. Davis*, 115 F. App'x 772, 773-74 (6th Cir. 2004). This standard is not satisfied merely because the prisoner's time to file a § 2255 motion has passed; he did not file a § 2255 motion; or he did file such a motion and was denied relief. *Copeland v. Hemingway*, 36 F. App'x 793, 795 (6th Cir. 2002); *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)

3

(§ 2241 available "only when a structural problem in § 2255 forecloses even one round of effective collateral review ..."). Nor is the remedy available under § 2255 considered "inadequate or ineffective" where, as here, the petitioner waived his right to seek relief under that provision as part of a plea agreement. *Muller v. Sauers*, 523 F. App'x 110, 112 (3d Cir. 2013).

Dr. Battista's claims are also not the type of "actual innocence" claims permitted under the savings clause. Such a claim can arise only where, after the prisoner's conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that establishes that his conduct did not violate the statute. *Hayes v. Holland*, 473 F. App'x 501, 501-02 (6th Cir. 2012) ("To date, the savings clause has only been applied to claims of actual innocence based upon Supreme Court decisions announcing new rules of statutory construction unavailable for attack under section 2255."); *United States v. Prevatte*, 300 F.3d 792, 800-801 (7th Cir. 2002). Dr. Battista's objection to the sentence imposed is not a claim that he is actually innocent of the underlying offense. *Brown v. Hogsten*, 503 F. App'x 342, 343 (6th Cir. 2012) (noting that "claims of sentencing error may not serve as the basis for an actual innocence claim.").

4

Because Dr. Battista has not properly invoked the savings clause of § 2255(e), the Court must deny his petition under § 2241 for lack of jurisdiction.

Accordingly, **IT IS ORDERED** that:

1. David Battista's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **STRICKEN** from the Court's docket.

3. The Court will enter an appropriate judgment contemporaneously with this Order.

This 16th day of September, 2015.

Signed By:
*Joseph M. Hood*
Senior U.S. District Judge